CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 02 2015

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 7:13cr00038** |
| | ) | **(Civil Action No. 7:15cv80796)** |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **JAWAAN DONTE TURNER,** | ) | |
| | ) | **By: Hon. Glen E. Conrad** |
| **Defendant.** | ) | **Chief United States District Judge** |

Jawaan Donte Turner, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C.A. § 2255.[1] Among other claims, Turner asserts that his trial counsel failed to file a notice of appeal after Turner asked him to do so. Upon review of the record, the court concludes that the government's motion to dismiss this claim must be denied, and the matter must be set for an evidentiary hearing.

Turner and five codefendants were charged in a one-count superseding indictment with possession with the intent to distribute, and distribution of, 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846. Turner pleaded not guilty and proceeded to a jury trial, which occurred on January 24-28, 2014. The jury found Turner guilty of the lesser included charge of conspiracy to distribute 28 grams or more of cocaine base. On June 26, 2014, the court sentenced Turner to 72 months' imprisonment.[2] Turner did not appeal.

Turner timely filed this § 2255 motion, alleging that his trial counsel, Terry N. Grimes, failed to file a notice of appeal after Turner instructed him to do so. Turner states he "directed his counsel . . . to appeal the jury guilty verdict on the grounds that [Turner's] name was not on

---

[1] Turner was sentenced by United States District Judge Samuel G. Wilson. Because Judge Wilson has now retired, Turner's § 2255 motion was randomly assigned to another district judge in the Roanoke Division.

[2] The Presentence Investigation Report ("PSR") recommended a total offense level of 34 and a criminal history category of III, resulting in a guideline sentencing range of 118 to 235 months' imprisonment. (PSR at 12, ECF No. 343.)

the first two suspect lists [provided by an informant.]" (Mem. Supp. Mot. to Vacate 1, ECF No. 409-1.)

In support of the motion to dismiss, the government submits several letters Turner's trial counsel sent to Turner following the sentencing hearing, reminding Turner of the time limit to appeal, but indicating counsel's understanding that Turner did not wish to file an appeal. According to the letters, before the sentencing hearing, Turner told counsel that he was not interested in appealing, provided that he received a sentence of less than 120 months' imprisonment; because Turner received a sentence of 72 months' imprisonment, counsel believed Turner did not want to appeal. On this evidence, the government moves to dismiss Turner's claim of ineffective assistance regarding his appeal.[3] In his response to the motion to dismiss, however, Turner asserts that he never received these letters from trial counsel.

The government argues that Turner's claim should be dismissed as not satisfying the two-part standard set forth in Strickland v. Washington, 466 U.S. 668, 671 (1984).[4] The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

---

[3] Recognizing that the disposition of this appeal claim may moot or otherwise affect the procedural stance of Turner's other § 2255 claims, the government states its intention to file a response to those other claims, if necessary, once the court has disposed of the appeal claim.

[4] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong. Id. at 697.

2

The court finds that Turner's allegations that counsel failed to file a notice of appeal after Turner asked him to do so are sufficient to survive the government's motion to dismiss. "[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal. . . ." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) (holding that attorney who disregards defendant's specific instruction to file timely notice of appeal acts in professionally unreasonable manner even if there is no showing that an appeal would have had merit). If Turner can prove his allegation that he communicated a request to counsel to appeal and relied to his detriment on counsel to file and pursue an appeal, Turner is entitled to § 2255 relief in the form of a new opportunity to appeal his criminal judgment without a showing of any likelihood of success on the merits of that appeal.

Because the parties' factual accounts are in dispute as to whether Turner asked counsel to pursue an appeal, the court finds that resolution of Turner's claim requires an evidentiary hearing. An appropriate order will enter this day.

The Clerk is directed to send copies of this Opinion and Order to the parties.

**ENTER:** This _2d_ day of ~~September~~ OCTOBER, 2015.

_Glen Conrad_

Chief United States District Judge