CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 4 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 7:13CR00038-006 |
| | ) (Case No 7:15-cv-80796) |
| v. | ) |
| | ) |
| JAWAAN DONTE TURNER, | ) FINAL ORDER |
| | ) |
| Defendant. | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |

This action, brought as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, is before the court upon the report and recommendation of the United States Magistrate Judge, prepared pursuant to 28 U.S.C. § 636(b). This § 2255 matter was referred to United States Magistrate Judge Robert S. Ballou for appropriate proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) with regard to the claim that the defendant asked his trial attorney to file a notice of appeal and the attorney failed to do so.[1] Judge Ballou conducted a hearing on the designated claim and has now submitted a report recommending that the § 2255 motion be dismissed in its entirety based on specific findings that Turner has failed to establish that he is entitled to relief.[2]

Both sides were advised that failure to file written objections to the report within fourteen days would constitute a waiver of the right to contest the magistrate judge's findings and conclusions. See Wells v. Shriners Hospital, 109 F.3d 198, 199 (4th Cir. 1997); see also Wright

---

[1] The government filed a motion to dismiss as to this claim only, but reserved the right to address Turner's other § 2255 claims at a later time if warranted. Finding disputes of fact, the court denied the motion to dismiss and referred the matter to Judge Ballou, while taking the defendant's other claims under advisement, pending the ruling on the ineffective assistance claim.

[2] The report also recommends that the government's motion to dismiss be granted. The court cannot adopt this recommendation, because the government has no pending motion to dismiss.

v. Collins, 766 F.2d 841, 846 (4th Cir. 1985) (holding that pro se litigant must be advised of consequences of failure to file written objections to report and recommendation). The fourteen days allotted under § 636(b) for parties to object to the findings, conclusions, and recommendations in the magistrate judge's report have expired, and neither party has filed any objection.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court is satisfied that there is no clear error on the face of the record in Turner's case. Although this matter was referred to the magistrate judge only as to the one ineffective assistance of counsel claim that proceeded to an evidentiary hearing, the court agrees, for the reasons stated in the report, that all of Turner's § 2255 claims are properly dismissed as without merit, based on the existing record. See Rule 4(b), Rules Governing Section 2255 Proceedings (stating that during initial review of § 2255 motion by presiding judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

For the reasons stated, it is hereby

### ADJUDGED AND ORDERED

as follows:

1. In the absence of any objection from the parties, the report and recommendation (ECF No. 512) is hereby **ADOPTED**, with the slight change to the recommendations as noted herein;

2. The motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 409) is **DISMISSED** with prejudice, for the reasons stated in the report and pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings;

3. Based upon the court's finding that the defendant has not made the requisite showing of denial of a substantial right, a certificate of appealability is **DENIED**; and

4. The clerk will **STRIKE** this § 2255 action from the active docket of the court.

The clerk will send true copies of this order to counsel and to the defendant.

**ENTER:** This 4th day of January, 2017.

Chief United States District Judge